Vern Schooley (State Bar No. 40301)
Email:  vschooley@fulpat.com
Scott R. Hansen (State Bar No. 164012)
Email:  kaddison@fulpat.com
FULWIDER PATTON LLP
Howard Hughes Center
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Telephone:  (310) 824-5555
Facsimile:  (310) 824-9696

Attorneys for Defendants/Counterclaim Plaintiffs
JDA GLOBAL LLC, NOMAD, JOHN D. ALLEN,
and SAM FEATHERSTON

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WILDEN PUMP AND ENGINEERING LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JDA GLOBAL LLC, a Nevada limited liability company; NOMAD, an entity of  unknown type; JOHN D. ALLEN, an individual; THOMAS BROWN, an individual; SAM FEATHERSTON, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV12-01051-ODW (DTBx) <br><br> [~~Proposed Amended~~] STIPULATED PROTECTIVE ORDER |

Pursuant to Federal Rules of Civil Procedure 26(c), Plaintiff Wilden Pump and Engineering LLC ("Wilden") and Defendants JDA Global LLC, Nomad, John D. Allen, Thomas Brown and Sam Featherston (collectively "Defendants"), hereby stipulate, subject to the approval of the Court, to entry of the following Protective Order for the protection of trade secret, proprietary and other confidential research, development or sensitive commercial information (collectively "Protected Materials") that may be produced or otherwise disclosed by a party or by non-parties during discovery and the course of this action; whether embodied in physical objects, documents (whether in hard copy or computer readable form), pleadings,

written discovery responses, expert reports, notes, summaries, testimony or factual knowledge of persons. The parties expect that sensitive commercial and/or technical information will be produced during the course of discovery which, unless treated in a confidential manner as described in this Protective Order, is likely to cause damage to the producing party.

**Definitions**

1.     The following definitions shall apply to this Protective Order:

(A)     "Designating Party" shall mean any party to this action or non-party producing Protected Material.

(B)     "Receiving Party" shall mean any party to this action receiving Protected Material from a Designating Party.

(C)     "CONFIDENTIAL – FINANCIAL INFORMATION" shall mean and refer to any Protected Material of a financial nature that has not been made public that the Designating Party in good faith believes the disclosure of which could subject the Designating Party, or non-party to whom a confidentiality obligation is owed, to a significant competitive disadvantage, but reasonably seems necessary to disclose to at least one designated representative of the opposing party to appropriately evaluate and resolve this dispute, and is intended to encompass past sales revenues and limited related financial performance.

(D)     "CONFIDENTIAL" shall mean and refer to any Protected Material that has not been made public that the Designating Party in good faith believes the disclosure of which (i) may cause harm to the business operation of the Designating Party or non-party to whom a confidentiality obligation is owed, (ii) cause improper advantage to others, or (iii) contains sensitive personal information.

(E)     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean and refer to any Protected Material that is considered in good faith by the Designating Party to be so highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and

immediate injury to the business of the Designating Party or non-party to whom a confidentiality obligation is owed.  Such Protected Material shall include, but is not limited to, customer lists, distributor lists, and supplier lists.

(F)    "Qualified Persons" shall mean those persons entitled to view or receive certain Protected Material.

**Authorized Designations Under Protective Order**

2.    The following authorization for Qualified Persons applies to the following specified designations per this Protective Order:

(A)    Protected    Material    which    has    been    designated    as "CONFIDENTIAL – FINANCIAL INFORMATION," or the substance thereof, may not be disclosed by any person, including parties in this action, other than the party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

(i)    All counsel of record engaged in the litigation of this action, and professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this action;

(ii)    Any persons whose name appears on the face of the Protected Material as an author, addressee or prior recipient thereof;

(iii)    Any person who is determined to have been an author and/or previous recipient of the Protected Material, but is not identified on the face thereof, provided there is prior sworn testimony of actual authorship or receipt of the Protected Material by such Person;

(iv)    Up to two specified representatives of each corporate Receiving Party who are assisting counsel in the prosecution or defense of this action.  The specified corporate representatives are as follows:

Wilden Pump:

(1)    Denny Buskirk, President

1              (2)      Daniel Anderson, Director of Finance

2

3        JDA Global:

4              (1)      John D. Allen, CEO

5              (2)      Thomas Brown, President

6

7              (v)      Subject to the Pre-Approval Authorization Procedures set

8   forth in Paragraph 4 below, independent experts, consultants or translators who are

9   retained by the parties or their respective attorneys solely for the purpose of

10  assisting counsel in the prosecution, defense or settlement of this litigation, who

11  have never served as a director, officer, or employee of the parties to the suit and

12  who do not presently have any other contractual or business relationship with the

13  parties to the suit and who are not current employees of any direct competitor of any

14  party to this litigation.

15             (vi)     Witnesses at any deposition or other proceeding in this

16  action pursuant to the conditions set for in Paragraph 9(e) below;

17             (vii)    The United States District Court for the Central District of

18  California and its personnel, including the jury, the United States Court of Appeals

19  for the Ninth Circuit and its personnel, and any other court of competent jurisdiction

20  having involvement in this matter and its personnel;

21             (viii)   Court      reporters,      stenographers,      and      video

22  reporters/videographers who are retained to transcribe or videotape testimony,

23  including depositions, in this action;

24             (ix)     Any designated arbitrator who is assigned to hear and

25  adjudicate the above-captioned litigation, or any mediator who is assigned to

26  mediate the above-captioned litigation or consulted by agreement of the parties in

27  any attempt to settle this matter, and any of their respective personnel;

28

(x)     Professional litigation support vendors retained by or for the parties for document copying, document coding or computerization services, preparing audiovisual aids (e.g., exhibits, models, graphics and video, and demonstrative exhibits for use in the courtroom), and other trial support and/or trial consulting services, including jury research consultants, jury selection consultants, analytical graphics consultants, and trial presentation consultants, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation, provided the vendor acknowledges its obligation to keep the information so provided confidential consistent with this Order and use the information only as part of performing professional litigation support services requested in this litigation;

(xi)     Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL – FINANCIAL INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information provided (i) they are not affiliated with any party to this action or any direct competitor of any party, (ii) they agree in writing to maintain the confidentiality of the material, and (iii) they are not themselves given custody of any Protected Material, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted;

(xii)   Any other person to whom the Designating Party agrees in writing or Ordered by the Court.

(B)   Protected Material which has been designated as "CONFIDENTIAL," or the substance thereof, may not be disclosed by any person, including parties in this action, other than the party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

1              (i)      The persons identified in Paragraphs 2(A)(i)-2(A)(iii) and

2    2(A)(v)-2(A)(xii) per the terms specified in this Protective Order.

3              (ii)      Up to two specified representatives of each corporate

4    Receiving Party who are assisting counsel in the prosecution or defense of this

5    action. The specified corporate representatives are as follows:

6

7          Wilden Pump:

8          (1)    Denny Buskirk, President

9          (2)    Daniel Anderson, Director of Finance

10

11         JDA Global:

12         (1)    John D. Allen, CEO

13         (2)    Thomas Brown, President

14

15             (C)      Protected Material which has been designated as "HIGHLY

16   CONFIDENTIAL – ATTORNEYS EYES' ONLY," or the substance thereof, may

17   not be disclosed by any person, including parties in this action, other than the party

18   or witness producing it, except solely for the purpose of this litigation, and then only

19   to the persons identified in Paragraphs 2(A)(i)-(iii) and 2(A)(v)-(xii) per the terms

20   specified in this Protective Order.

21             (D)      If the Receiving Party desires to disclose Protected Material to

22   any of the persons described in Paragraphs 2(A)(iv), (v), (vi), (x), (xii) or (2)(B)(ii),

23   counsel shall provide a copy of this Protective Order to each such person and obtain

24   a signed undertaking in the form of the Acknowledgement And Agreement To Be

25   Bound By The terms Of The Protective Order set forth in Exhibit A from each such

26   person before such person is shown any Protected Material.  In the case of a

27   company, accounting firm, or service acting as a consultant or expert under

28   subparagraph (v), the undertaking shall be signed by the company, firm, or service

agent, retained by the party, and a single undertaking by the company, firm, or service shall be sufficient to cover all employees or other individuals paid by the company, firm or organization.  Copies of all undertakings shall be provided to the Designating Party.

**Manner of Marking**

3. The following procedures shall apply to the manner of marking Protected Material designated "CONFIDENTIAL – FINANCIAL INFORMATION," "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

(A) Documents and things containing Protected Material (including, without limitation, optical, magnetic or electronic medium, such as floppy diskettes, DVDs, CD-ROMs, drives, memory media), other than depositions or other pre-trial testimony, shall be designated for protection under this Protective Order by conspicuously affixing the appropriate designation "CONFIDENTIAL – FINANCIAL INFORMATION," "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page containing Protected Material, and to the extent practical, the designation shall be placed near any control number that is also affixed to the document or thing.  In the case of optical, magnetic, electronic medium, or similar mass storage media, on the medium itself to which the designation applies as well as the cover of such document or thing as practical.

(i) In the event the Designating Party elects to produce materials for inspection, no marking need be made by the Designating Party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced shall be considered as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the Designating Party shall, within a reasonable time prior to producing those

materials to the inspecting party, mark the copies of those materials that contain Protected Material with the appropriate confidentiality marking.

(B)    If Protected Material is disclosed during the course of a deposition, the Designating Party shall, whenever possible, request the court reporter to insert a statement regarding the confidentiality of the information into the deposition transcript.  Upon designation of the transcript on the record during the deposition, all persons to whom access to that category of Protected Material has been denied under the terms of this Protective Order shall leave the deposition during the portion of the deposition during which such Protected Material is discussed.  The court report or other person recording the proceedings shall indicate the confidentiality designations on the transcript but shall not segregate any portion of the transcript of the deposition or hearing which has been stated to contain Protected Material unless counsel for both parties agree to such segregation of the transcript or such segregation is required by the Court.  The court reporter or other person recording the proceedings shall furnish copies of any transcript containing Protected Material in a sealed envelope, only to the deponent as required by law, if necessary to the Court, and to outside counsel for the parties bound by the terms of this Protective Order, who may in turn provide access to the Protected Material in accordance with the terms of this Order.  A Designating Party may also designate any portion or all (if appropriate) of the transcript as Protected Material under this Order with reference to the pages and lines of testimony in the transcript, by so advising the court reporter (who shall indicate the designations in the transcript) and all parties in writing, within ten (10) business days after receipt of the final transcript.  Deposition exhibits shall be treated in accordance with any prior designation under this Order, or may be specifically designated under this Order on the record during the deposition or in writing within ten (10) business days after the Designating Party has received the deposition exhibits accompanying the final transcript.  A transcript, and any of its exhibits not designated under this Order prior

to the deposition, shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless otherwise designated on the record, until ten (10) business days after it has been received by the Designating Party.  In the case of testimony or exhibits designated as Protected Material under this Order following conclusion of the deposition, all parties shall mark the appropriate legend on all copies of the deposition transcript and its exhibits and treat the information in accordance with its designation from the date they are notified of such designation.  In the event of disagreement about the confidentiality status of a deposition transcript or exhibit, it shall be treated as the level of designation requested by the Designating Party until this Court rules otherwise.

(C)   No party shall be responsible to another party for disclosure of Protected Material under this Order if the material in question is not labeled or otherwise identified as such in accordance with this Order.

**Pre-Approval Authorization Procedures**

4.   The following shall apply to the pre-approval to access to Protected Material for any independent experts, consultants or translators.

Protected Material shall not be disclosed to any independent expert, consultant or translator described in Paragraph 2(A)(v) for a period of ten (10) calendar days after serving the Designating Party with the undertaking in the form of the Acknowledgement And Agreement To Be Bound By The Terms Of The Protective Order set forth in Exhibit A, a current curriculum vitae of the independent expert, consultant, or translator, all consulting relationships and the general nature of the work performed within the last four years and, for independent experts or consultants, a list of each independent expert's or consultant's trial and/or deposition testimony given in the preceding four (4) years, and a list of all publications authored or co-authored within the last ten years.  Service of all the above reference materials shall be made by electronic mail with a confirmation copy by Federal Express or equivalent.  Counsel for the Designating Party may, within the ten (10)

calendar day period, serve a notice of objection if a reasonable basis for such objection exists.  If a notice of objection is served, the Protected Material will not be disclosed to such independent expert, consultant or translator. Within ten (10) days after service of the notice of objection, if the parties are unable to reach any agreement over the disclosure of protected Material to the expert, consultant or translator, counsel for the objecting party may subsequently move the Court for an order denying disclosure of any Protected Material to the independent expert, consultant or translator as to which a notice of objection has been served.  If the objecting party files this motion, the Protected Material shall not be disclosed to the outside expert, consultant or translator until the Court rules or the parties agree that such disclosure may be made.  Failure to file such a motion shall operate as a waiver of this objection.

**Subsequent Designations**

5.      As to subsequent designations, it should be noted that the inadvertent failure to designate Protected Material pursuant to this Order does not constitute a waiver of a claim to such designation, and a party may so designate material thereafter subject to the protections of this Order.

**Procedures for Challenging Designations**

6.      The parties may challenge designations as set out below.

(A)     Neither stipulation by a party to the terms of this Order nor failure of a party, at the time it receives materials designated pursuant to this Order, to challenge or object to the designation shall be deemed a waiver of its right to challenge or object to the designations at any later time.  Any party may at any time challenge the designation of any Protected Material under this Order and may request permission to use or disclose such Protected Material other than as permitted, pursuant to this paragraph by service (which may be by e-mail) a written request upon counsel for the Designating Party at least ten (10) court days before the date of the proposed disclosure and by providing telephonic notice of such request

on the same date as the e-mail request. Such request shall specifically identify the Protected Material, including Bates label, if applicable, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) court days after receipt of same. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of the disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court. Any motion challenging a designation brought pursuant to this Paragraph 6 must be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

**Procedures for Court Filings**

7. The procedures for the filing of Protected Material in Court are set out below. Documents containing Protected Material shall not be filed with the Court except as required by Court rules or as necessary in connection with motions or other matters requiring the Court's attention in this action.

(A) In the event that any party needs to submit documents containing Protected Material to the Court, the party submitting such documents shall (i) file non-confidential versions of, or placeholders for, such documents with the Protected Material redacted therefrom, (ii) serve unredacted versions of such documents containing the Protected Material on the required party(ies) on the same day as the filing, and (iii) seek to have the portions of those documents containing Protected Material sealed by submitting an application pursuant to Local Rule 79-5.1 to the Court identifying the Protected Material contained in said documents and describing why the documents or portions thereof should be sealed. If the application is granted, the Protected Material shall be maintained by the Clerk of the Court under seal, and such Protected Material so filed shall not be made available to anyone

except pursuant to order of this Court.  Procedures for the handling of Protected Material to be introduced as evidence at trial shall be determined by further Order of this Court.  **Generally, regarding evidence presented at court proceedings, the parties shall take up the matter of procedures for handling Protected Material with the judicial officer conducting the proceeding at the appropriate time.**

**Inadvertent Production of Privileged Information**

8.     Inadvertent production of documents or things subject to work product immunity, the attorney-client privilege, or any other applicable privilege, shall not constitute a waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Designating Party discovers such inadvertent production.  After notification is made, the Receiving Party shall immediately return to the Designation Party all copies of such inadvertently produced documents and shall immediately confirm in writing that all such copies have been returned.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or immunity designation by promptly filing an appropriate motion with the Court.  For purposes of such challenge the Receiving Party may retain one copy of the inadvertently produced document or thing.  The Receiving Party shall not challenge the propriety of the privilege or immunity designation on the grounds that the privilege or immunity was waived by the inadvertent production of the document or thing.  If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or in any proceeding before the Court, nor shall they be shown to anyone who was not given access to them prior to the request to return such documents.  Furthermore, if no such challenge is brought, or if any such challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been destroyed.

**Restrictions on Use of Protected Material**

9.      The restrictions on the use of the Protected Material are set out below.

(A)     Protected Material, including any notes, memoranda or other similar documents summarizing or referring to the contents thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom, and shall not be disclosed or used for any other purpose whatsoever, including without limitation any other legal proceeding, including any United States or foreign legal proceeding involving any of the parties, patent prosecution or acquisition, or any business or competitive purpose or function of any kind.

(B)     Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(C)     Any person in possession of Protected Material shall exercise reasonable care with regard to the storage, custody or use of such Protected Material in order to ensure that the secrecy of the information is maintained in accordance with its designation.

(D)     If Protected Material is lost, stolen, and/or disclosed to anyone other than in a manner authorized by this Order, the Receiving Party shall immediately bring all pertinent facts relating to such loss, theft or disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Protected Material and to prevent further disclosure.

(E)     A deponent may be shown during his or her deposition Protected Material if:

(i)      the deponent is an author or recipient of such Protected Material,

(ii)     the deponent has been pre-approved under paragraph 4 above,

(iii)    the Protected Material was produced in this litigation by the deponent's employer or an affiliate of the deponent's employer, or

1       (iv)   the attorney taking the deposition and showing the witness
2  the Protected Material represents the Designating Party,

3       (v)   testimony or other circumstances establish a good faith
4  belief that the deponent previously had or was authorized to access such Protected
5  Material or knows its contents,

6       (vi)   the Designating Party has consented on the record of the
7  deposition to the showing of the Protected Material to the witness, or

8       (vii)   at least five (5) days before the deposition, the party
9  wishing to show the witness the Protected Material notifies the Designating Party in
10  writing of its intent to do so, with a specific listing of the Protected Material to be
11  shown, and the Designating Party fails to provide, within ten (10) days of receipt of
12  the notice or two business days prior to the deposition, whichever is earlier, written
13  objection to this use of the Protected Material.  If a timely written objection is
14  provided the Protected Material listed in the written objection shall not be shown to
15  the witness unless and until the objection is withdrawn or the party wishing to show
16  that Protected Material to the witness moves for and obtains appropriate relief from
17  the Court.  Witnesses being shown Protected Material under this subsection must
18  sign the Acknowledgement and Agreement To Be Bound By The Terms Of This
19  Protective Order in the form attached hereto as Exhibit A before being shown the
20  Protected Material.

21       (F)   Any person subject to this Protective Order who may be subject
22  by law, or pursuant to a court order, to disclose another party's or nonparty's
23  Protected Material to any person not entitled under the terms of this Protective
24  Order must promptly notify the Designating Party, to the extent permitted by law, so
25  it may have an opportunity to appear and be heard on whether such information
26  should be disclosed.

27       (G)   Nothing in this Protective Order shall bar or otherwise restrict
28  any attorney from rendering advice to a party-client in this action and in the course

thereof, relying upon such attorney's examination of Protected Material, provided, however, that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement of the Designating Party.

**No Prejudice**

10.    Entering into, agreeing to and/or producing or receiving Protected Material or otherwise complying with the terms of this Order shall not:

(A)    Operate as an admission by any party that any material designated as Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(B)    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

(C)    Prejudice in any way the rights of any party to object to the authenticity or admissibility in evidence of any information subject to this Order;

(D)    Prejudice in any way the rights of any party to seek a determination by the Court whether any Protected Material should be subject to the terms of this Order;

(E)    Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Material;

(F)    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Material more broadly than would otherwise be permitted by the terms of this Order; or

(G)    Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Protected Material designated under this Order by that party.

**Non-parties**

11.     Non-parties who produce information in this action may avail themselves of the provisions of this Order, and Protected Material produced by non-parties shall be treated by the parties in conformance with this Order.

**Obligations Upon Termination of Action**

12.     All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Protected Material shall, at the request of the Designating Party, be returned to the party or destroyed, at the option of the Designating Party, within sixty (60) calendar days after a final resolution of this matter including any appeals, settlement of this action with respect to the Designating Party or final termination of this action in any other manner, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of each document constituting or containing prior art, and documents constituting work product which were internally generated based upon, or which include, Protected Material.  In the event that outside counsel maintains such documents, it shall not disclose any Protected Material to any third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

**Post February 7, 2012 Attorney-Client Communications**

13.     Documents constituting privileged attorney-client communications communicated on or after February 7, 2012 do not need to be logged in a privilege log.

**Limits on Discovery of Expert Material**

14.     Only expert reports exchanged between the parties and the information relied on by the experts to form the opinions in the exchanged reports are discoverable.  Attorney communications to and from an expert, draft reports, and notes of experts, and other documents relating to communications to or from attorneys do not need to be logged in a privilege log and are not discoverable unless the expert has relied on such communication or document to form an opinion stated in the expert's exchanged report.  Further, the substance of attorney communications with an expert in preparation for the expert's deposition or trial testimony are not discoverable unless the expert has relied on the attorney communications to form an opinion stated in the deposition or trial testimony.

**Interim Application**

15.     Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been so ordered.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3                                    Respectfully submitted,

4    DATED:  July 18, 2012          FULWIDER PATTON LLP

5

6

7                                   By: _____/s/ Scott R. Hansen_____
                                         Vern Schooley (State Bar No. 40301)
8                                        Scott R. Hansen (State Bar No. 164012)
9                                        Attorneys for JDA Global, Nomad, John D.
                                         Allen, Thomas Brown and Sam Featherston
10

11   DATED:  July 18, 2012          CONNOLLY BOVE LODGE & HUTZ LLP

12

13

14                                  By: _____/s/ with consent of Scott R. Miller_____
                                         Scott R. Miller (State Bar No. 112656)
15                                       Keith A. Walter Jr. (*Pro Hac Vice*)
                                         Attorneys for Wilden Pump and Engineering
16                                       LLC

17

18        **IT IS SO ORDERED**

19

20   DATED: July 20, 2012
                                    _____
21                                  Honorable David T. Bristow

22

23

24

25

26

27

28

605783.1     Stipulated Protective Order                    20
             CV12-01051

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE TERMS OF THIS PROTECTIVE ORDER**

I, _____, state:

I reside at _____;

I have read the Protective Order dated _____, 2012 and have been engaged as a _____ on behalf of _____ in preparation and conduct of the litigation between Wilden Pump and Engineering LLC and JDA Global LLC et al., Case No. CV12-01051-ODW (DTBx), in the United States District Court for the Central District of California.

I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents or things designated as "CONFIDENTIAL – FINANCIAL INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as "CONFIDENTIAL – FINANCIAL INFORMATION," "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are to be returned to counsel who provided me with such material or destroyed and confirmation of such provided to the counsel who provided such material to me.

I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

I understand that by signing this Agreement that I agree to submit to the

Stipulated Protective Order
CV12-01051

20

1  jurisdiction of the United States District Court for the Central District of California.

2       I state under penalty of perjury under the laws of the United States of

3  America that the foregoing is true and correct.

4       Executed _____, 2012.

5

6

7                                    _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Protective Order
CV12-01051
                                    20