**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILDEN PUMP AND ENGINEERING LLC  Plaintiff,  vs.  JDA GLOBAL LLC, *et al.*  Defendants. | CASE NO. CV 12-1051 ODW (DTBx)  ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [41] |

## I. INTRODUCTION

Wilden Pump And Engineering LLC ("Plaintiff" or "Wilden") brings this action against several former employees and their startup company JDA Global LLC ("Defendants" or "JDA") to curb the latter's alleged unfair competition. Wilden alleges it owns a trademark in its numeric codes for pump replacement parts and seeks to stop JDA from using variations of those codes.

Defendants now seek Partial Summary Judgment Re: Alphanumeric Designations, arguing "there is no copyright or trademark protection in Wilden's part codes." (Mot. at 13 ("And because the standard for the unfair competition and false advertising claims is the same as the trademark claims, Wilden's unfair competition and false advertising claims with respect to JDA's part codes must also fail [and] [t]he Court should enter summary judgment")). The Court agrees.

## II. DISCUSSION

"The purpose of a trademark is to help consumers identify the source [of a product], [and] a mark . . . is not meritorious of trademark protection until it is used in public in a manner that creates an association among consumers between the mark and the mark's owner." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999); *see also Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) ("To constitute trademark infringement, use of a mark must be likely to confuse an appreciable number of people as to the source of a product."); *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1291 (9th Cir. 1992) ("Secondary meaning is the consumer's association of the mark with a particular source or sponsor.").

As Plaintiff recognizes, "the issue here is whether the Wilden part numbers are capable of being protected under trademark [law]." (Opp'n at 18.) Defendants think not, arguing Wilden's "replacement part codes . . . are formulated to communicate specific information about the part" and are thus merely functional. (Mot. at 1.) Wilden assigns part codes according to the following scheme: XX – YYYY – ZZ where XX identifies the size of the pump, YYYY identifies the part itself, and ZZ identifies the material from which the part is made. (Id. ("The aftermarket pump part industry has for many years used Wilden's part codes without objection from Wilden. Typically, a third party selling replacement parts for a Wilden pump uses a prefix to identify the third party, followed by the Wilden part code.")), *see also* (Hanson Decl, Exh. 7.).

Plaintiff contends, rather than establish that the Wilden part numbers are purely functional, Defendants' motion admits that the Wilden part numbers represent Wilden products. (Opp'n at 12) ("Why else would Defendants need to use a prefix when selling a knock-off copy to differentiate it from the genuine Wilden product sold by Wilden?"). Interestingly enough, Plaintiff's counter argument reads more like a concession. After all, if Defendants' use of a prefix does indeed "distinguish it from genuine Wilden product," as Plaintiff states, then it can hardly be said that Defendants are guilty of trademark infringement. *See Brookfield Commc'ns, Inc.*, 174 F.3d at 1051.

More importantly, while Wilden's part numbers might represent Wilden products, they do not actually serve as a source identifier. Rather, it is the prefix before the numbers which designates the source, while the numbers themselves merely represent the product with which a particular part is compatible. *See*, *e.g.*, *K-S-H Plastics v. Carolite*, 408 F.2d 54 (9th Cir. 1969) (no likelihood of confusion between part codes for lighting panels, where plaintiff used letter K followed by a code, and defendant used C followed by the same code); *see also Brookfield*, 174 F.3d at 1053 ("The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products."). As relevant here, then, the part numbers are not source identifiers, but rather, compatibility indicators.

This brings us to the moving target that is Plaintiff's position. On the one hand, Plaintiff argues its numbering scheme is entitled to trademark protection, given "the long and exclusive use of those designations by Wilden – *and others* – to represent Wilden products." (Opp'n at 5-6) (emphasis added). On the other, Plaintiff contends there is "not a shred of evidence in Defendants' Motion [ ] establish[ing] that Wilden's use of product designations according to its unique products numbering convention has not been exclusive." (Opp'n at 17.)

Plaintiff similarly equivocates as to the practice of using a prefix. Wilden admits, for example, that its own aftermarket parts business, Spectrom Aftermarket Pump Parts, so explains its use of a competitor's part codes on its website: "For ease of ordering all you need to do is find the OEM part number and add an 'S' in front. To distinguish between an OEM part and a Spectrom part simply look for the logo . . . on the part." (UF 13; *see also* UF 7 ("Pumper Parts is an example of a . . . parts company that has used the Wilden part codes for many years. Pumper Parts uses the prefix "PP" to identify that the part is from Pumper Parts."; (Hansen Decl., Exh. 7 (examples of Pumper Parts' use of Wilden numbers))). Still, Plaintiff insists, "it is blatantly false to say that other manufacturers use a similar[] part numbering designation to represent those parts." (Opp'n at 13-14.)

3

Rather than attempt to harmonize Plaintiff's divergent positions, the Court simply notes that, based on this record, Wilden's part numbers are not source identifiers entitled to trademark protection. Instead, as in *K-S-H Plastics*, it is the prefix which designates origin and assures that there is no likelihood of confusion. 408 F.2d at 58-59; *see also Tenneco Automotive v. Kingdom Auto Parts*, 410 Fed.Appx. 841, 852, 2010 WL 4365580 (6th Cir. Oct. 28, 2010 (no trademark rights in part numbers for car struts, despite federal trademark registrations, "find[ing] it significant that the product numbers are used to specifically describe the strut and identify the vehicle to which the strut is designated. This use strongly favors Defendants' claim that these product numbers primarily describe the product, not the source.").

Finally, Plaintiff "requests that the Court either deny Defendants' motion or defer considering it until after the close of discovery on January 28, 2013." (Opp'n at 9.) While the Court is generally inclined to grant such Rule 56(d) requests, it is neither warranted nor necessary in this instance. The record is sufficiently developed for the Court to find that Wilden's part codes are not source identifiers entitled to trademark protection.

### III. CONCLUSION

Defendants' motion for partial summary judgment is **GRANTED**.

**SO ORDERED**

October 29, 2012

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

4